Case Nos. 24-1317, 24-1318, 24-1385
United States Court of Appeals for the First Circuit

---

**ASSOCIATION TO PRESERVE AND PROTECT LOCAL LIVELIHOODS; B.H. PIERS, L.L.C.; GOLDEN ANCHOR, L.C., d/b/a Harborside Hotel; B.H.W.W., L.L.C.; DELRAY EXPLORER HULL 495 LLC; DELRAY EXPLORER HULL 493 LLC; ACADIA EXPLORER 492, LLC; PENOBSCOT BAY AND RIVER PILOTS ASSOCIATION**,

*Plaintiffs - Appellants/Cross-Appellees*

v.

**CHARLES SIDMAN**,

*Defendant - Appellee/Cross-Appellant,*

**TOWN OF BAR HARBOR**,
a Municipal Corporation of the State of Maine,

*Defendant-Appellee.*

---

On appeal from the United States District Court
for the District of Maine
Civil Action No. 1:22-cv-416-LEW

---

**TOWN OF BAR HARBOR'S RESPONSE TO
CRUISE LINE INTERNATIONAL ASSOCIATION, INC'S
MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Appellee Town of Bar Harbor (the "Town"), through its attorneys, Rudman Winchell, hereby opposes the Motion for Leave to File Amicus Curiae Brief (the "Motion") filed by Cruise Line International Association, Inc. ("CLIA") in support of Appellants Association to Preserve and Protect Local Livelihoods, B.H. Piers, L.L.C., Golden Anchor, L.C., d/b/a Harborside Hotel; B.H.W.W., L.L.C., Delray Explorer Hull 495 LLC; Delray Explorer Hull 493 LLC, and Acadia Explorer 492, LLC (collectively, "Plaintiffs"), and Penobscot Bay and River Pilots Association (the "Pilots," and together with Plaintiffs, "Appellants"). In support of its opposition, the Town states as follows.

**ARGUMENT**

Rule 29(a) of the Federal Rules of Appellate Procedure provides that, absent consent of all parties, "amicus curiae may file a brief only be leave of court." F.R. App. P. 29(a)(2). A motion for leave to file an amicus brief must include the proposed brief and must state (1) "the movant's interest," (2) "the reason why an amicus brief is desirable," and (3) "why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

## I. CLIA's Proposed Brief Is Not Desirable Where Its Perspective and Argument Is Identical to that of Appellants, its Local Proxies.

Amicus briefs are desirable for purposes of Rule 29(a) where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997). That is not the case when "amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Id.*

Such is the case here. CLIA and its members are close allies of the Appellants, with whom they do business and upon whom they rely to facilitate cruise ship visitation in Bar Harbor. Indeed, although CLIA and its members elected not to attempt to intervene in the district court, they provided considerable support to Appellants' case. Appellants presented the testimony of Adam Goldstein, an executive of Royal Caribbean—a member of CLIA—for over three decades, from 1988 to 2020. (7/12/23 Tr. at 159-86.) Appellants also presented (by deposition designation) testimony of representatives of Norwegian Cruise Line and Holland

America Line—both CLIA members. (7/12/23 Tr. at 328; 7/13/23 Tr. at 10-11, 332; Pls.' Tr. Exhibit 191 (Paul Grisby, Holland America); Pls.' Tr. Exhibit 192 (Juan Kuryla, Norwegian); Pls.' Tr. Exhibit 193 (Chris Martin, Holland America); Pls.' Tr. Exhibit 194 (Rob Van Den Hof, Holland America)). In other words, CLIA is already represented in this case through its local proxies, and brings no new knowledge or perspective as an amicus.

This is evident from the substance of CLIA's proposed brief, which—when not attempting to introduce matters outside the trial record or raise new arguments not preserved for appellate review, as discussed in parts II and III, below—is duplicative of Appellants' briefs, advancing the same Commerce Clause and preemption arguments as Plaintiffs and the Pilots. (*Compare, e.g.*, Prop. Br. at 12-24, *with* Pls.' Br. at 22-38, 47-49, *and* Pilots' Br. at 14-36, 53-59.) Where CLIA's proposed brief serves only to restate and enlarge Appellants' briefs, it is not helpful or desirable in the resolution of this appeal.

## II. CLIA's Arguments Regarding the Right to Travel and Preemption by International Maritime Conventions Are Irrelevant to Any Live Issue in this Case.

### A. Cruise Passengers' Right to Travel Is Not Before this Court.

In part I of its proposed brief, CLIA argues that the Town ordinance at issue in this appeal violates cruise passengers' constitutional right to travel. (Prop. Br. at 5-12.) Setting aside that none of the parties to this case are cruise passengers or can claim standing on behalf of cruise passengers, this argument was waived in the district court and cannot be resurrected on appeal.

Plaintiffs did not plead any violation of the right to travel in their 128-paragraph complaint (App. 26-79), and indeed affirmatively swore off any claim based on the right to travel and acknowledged that they did not have standing to assert such a claim, writing in their Motion for Preliminary Injunction that they "do not, themselves, plead the rights of the traveling public."[1] (Mot. for Prelim. Inj., ECF 12 at 24 n.12.) Where Plaintiffs first raised the right to travel in their post-trial brief, and even then did so only in perfunctory fashion, the district court properly

---

[1] The Pilots did not raise the right to travel in the district court, and do not attempt to raise it on appeal.

concluded that Plaintiffs waived any such argument. (Pls.' Add. 37 n.23.) *See, e.g.*, *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") Arguments waived in the district court cannot be revived on appeal. *See, e.g.*, *De Mercadeo v. Emanuelli-Hernández*, 72 F.4th 361, 365 (1st Cir. 2023) ("Arguments raised in the District Court in a perfunctory and underdeveloped . . . manner are waived on appeal." (quoting *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 22 (1st Cir. 1991))); *United States v. Slade*, 980 F.2d 27, 30 ("It is a bedrock rule that when a party has not presented an argument to the district court, she may not unveil it in the court of appeals.").

Because part I of CLIA's proposed brief addresses an issue not properly before this Court, it is not "relevant to the disposition of the case" pursuant to F.R. App. P. 29(a)(3).[2]

---

[2] Even if the right to travel were at issue, CLIA is simply wrong that strict scrutiny applies. (Prop. Br. at 10-12.) That standard applies only to restrictions on *migration*—that is, travel "with intent to settle and abide." *Cole v. Housing Auth.*, 435 F.2d 807, 811 (1st Cir. 1970)); *see also Brown v. Dep't of Inland Fisheries & Wildlife*, 577 A.2d 1184, 1185 (Me. 1990) (citing *Cole* for proposition that only travel with intent to settle and abide is protected as fundamental right). The cases cited by CLIA notably deal with such migration. *See, e.g.*, *Saenz v. Roe*, 526 U.S. 489, 504 (1999) ("Neither mere rationality nor some intermediate standard of review

6

## B. Preemption Based on International Maritime Conventions Is Not Before this Court.

CLIA also argues that the ordinance is preempted by the Convention on Facilitation of International Maritime Traffic ("FAL Convention"). (Prop. Br. at 25-27.) This, too, is not an argument preserved for this Court's review. While Appellants referenced a grab bag of treaties in their respective complaints (App. 46, 103), by the time of trial, they had abandoned any such arguments, and did not reference them at all in their post-trial briefs (Pilots' Post-Trial Br., ECF 190; Pls.' Post-Trial Br., ECF 191). More importantly, the FAL Convention was not among the treaties ever referenced by Appellants in the district court.[3] This argument is therefore waived for the same reasons discussed above with respect to the right to travel. Because Part III.B of CLIA's proposed

---

should be used to judge the constitutionality of a state rule that discriminates against some of its citizens because they have been domiciled in the State for less than a year."); *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 904 (1986) (requiring compelling justification where a "distinction drawn by the State between older and newer residents burdens the right to migrate"). CLIA's failure to identify even the basic legal framework applicable to its argument renders CLIA's brief entirely unhelpful on this subject.

[3] On appeal, Plaintiffs do not reference the FAL Convention in their brief to this Court. The Pilots reference it only in passing, in a footnote listing various treaties. (Pilots' Br. at 55 n. 49.)

brief addresses an issue not properly before this Court, it is not "relevant to the disposition of the case" pursuant to F.R. App. P. 29(a)(3).

### III. CLIA Relies on Matters Outside the Record.

CLIA repeatedly references matters outside of the record, specifically its own self-interested publications regarding the cruise industry generally, none of which were presented in the district court. (Prop. Br. at 2 & nn.2-5; Prop. Br. at 18 & n.11.) This Court's review is necessarily limited to the record developed at trial. *See, e.g., Cunningham v. Lyft, Inc.*, 17 F.4th 244, 251 (1st Cir. 2021) (noting appellate review is limited to the record presented in the district court); *United States v. Muriel-Cruz*, 412 F.3d 9, 12 (1st Cir. 2005) ("Absent extraordinary circumstances . . . we consult only the record extant at the time the district court rendered its decision."). A proposed brief based on matters outside the record is not helpful to the resolution of this appeal, and is neither desirable nor relevant for purposes of F.R. App. P. 29(a)(3).

## CONCLUSION

For all of the foregoing reasons, the Town respectfully requests that this Court deny CLIA's Motion.

Dated at Bangor, Maine, this 16th day of August, 2024.

/s/ Jonathan P. Hunter, Esq.
Jonathan P. Hunter, Bar No. 1210939
jhunter@rudmanwinchell.com

/s/ Stephen W. Wagner, Esq.
Stephen W. Wagner, Bar No. 1212086
swagner@rudmanwinchell.com

Attorneys for Town of Bar Harbor
RUDMAN WINCHELL
84 Harlow Street
P.O. Box 1401
Bangor, ME 04402
207.947.4501

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Fed. R. App. P. 27(d), in that it is presented in Century Schoolbook 14-point font, and contains 1,763 words.

Dated: August 16, 2024   /s/ Jonathan P. Hunter, Esq.
Jonathan P. Hunter, Bar No. 1210939

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit using the CM/ECF system, which will electronically serve and provide notice to all counsel of record in this case.

Dated: August 16, 2024   /s/ Jonathan P. Hunter, Esq.
Jonathan P. Hunter, Bar No. 1210939